IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**VERITA DENISE HINES-FLAGG,**

    **Petitioner,**

v.                                                                    Case No. 1:16-cv-00596

**WARDEN, Alderson Prison Camp,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 20, 2016, Petitioner Verita Denise Hines-Flagg ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner's release from custody renders her petition moot, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.**      **Relevant Facts**

At the time Petitioner filed this action, she was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving a sentence imposed by the United States District Court for the Eastern District of Wisconsin. (ECF No. 2 at 1). In her petition seeking habeas relief, Petitioner complained that she had been deprived of 63 days of jail

1

credit for time she served in State custody on a charge arising from the same conduct underlying her federal conviction and sentence. (*Id.* at 6). She asked the Court to grant her the 63-days credit against the remainder of her sentence. (*Id.* at 8).

On February 17, 2016, after receiving Petitioner's filing fee, the undersigned ordered the Respondent to show cause why the relief requested should not be granted. (ECF No. 6). Respondent filed a response to the show cause order on March 7, 2016, arguing that Petitioner was not entitled to the 63-days of credit because the 63 days had been credited against her State sentence. (ECF No. 7). The following day, the Court entered an Order allowing Petitioner sixty days to file a memorandum in opposition to the Respondent's argument. (ECF No. 8). Petitioner did not file a memorandum. However, on November 18, 2016, Petitioner was released from federal custody.[1] She left no forwarding address with the Clerk of Court.

## II. Discussion

It is well-settled that a prisoner must be in custody at the time she brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although her subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official*

---

[1] See www.bop.gov/inmateloc/

*English v. Arizona,* 520 U.S. 43, 68 n.2 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, her release from custody may render her petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. Petitioner did not challenge her conviction; rather, she claimed that her sentence was miscalculated, improperly lengthening her time in custody. Where the petitioner elects only to challenge the execution of her sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable expectation that Petitioner will be incarcerated again and face the same set of circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders her petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and

Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** December 20, 2016

---
Cheryl A. Eifert
United States Magistrate Judge